UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ATHENA GIANNASCA,                              :
    Plaintiff,                                          :
                                                                :   **MEMORANDUM DECISION**
v.                                                              :
                                                                :   7:07-cv-341 (VB)
MICHAEL J. ASTRUE, Commissioner of   :
Social Security,                                         :
    Defendant.                                         :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Athena Giannasca commenced this action under 42 U.S.C. § 405(g) seeking review of the final decision by the Commissioner of Social Security denying her disability insurance benefits under the Social Security Act.  On July 11, 2011, Magistrate Judge Lisa Margaret Smith issued a report and recommendation (Doc. #19) ("R&R") recommending the Court grant defendant's motion for judgment on the pleadings and deny plaintiff's motion for judgment on the pleadings.  Plaintiff has filed an objection (Doc. #21) to Magistrate Judge Smith's recommended ruling which is now pending before the Court.  For the reasons that follow, plaintiff's objection is overruled; Magistrate Judge Smith's R&R is adopted; defendant's motion is granted; and plaintiff's motion is denied.

## BACKGROUND

       Plaintiff objects to the R&R on two grounds.  First, she asserts the R&R failed to address the episodic nature of plaintiff's conditions.  Second, she contends the Administrative Law Judge ("ALJ") failed to adequately develop the record regarding the frequency of the exacerbations.  The Court only recounts the factual background pertaining to plaintiff's objection.

1

**I.**     **General Background**

Plaintiff Athena Giannasca filed an application for disability insurance benefits on August 23, 2004, because she suffered from rheumatoid arthritis. In her application, she claimed she had been unable to work since August 5, 2003. She had stopped working February 1, 2001. Previously, she had been a "teller manager" at a bank.

A hearing before the ALJ on plaintiff's application was held on April 21, 2006, after which, by decision dated June 30, 2006, her claim was denied by the ALJ. On December 12, 2006, the Appeals Council denied plaintiff's request for review.

Plaintiff, appearing pro se, then appealed to this Court. After filing her complaint, but before filing her motion, she retained counsel to represent her.

**II.**     **Medical History**

Plaintiff's symptoms, diagnoses, and treatment are described in detail in the R&R. In her R&R, Magistrate Judge Smith noted plaintiff had reported to Dr. Jacobo Futran, one of her treating physicians, that she had "good days" and "bad days." R&R at 7. Dr. Thomas Li, who plaintiff saw on referral from the Division of Disability Determinations, observed that plaintiff had "good days" and "bad days." R&R at 11. He opined that plaintiff had a "marked limitation" on bad days and a "mild limitation" on good days in performing daily activities. Plaintiff testified as to having good days and bad days at the hearing before the ALJ.

**III.**     **ALJ's Disability Determination**

Under the Social Security Act, every individual with a disability is entitled to disability insurance benefits. See 42 U.S.C. § 423(a)(1). "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Determining whether a claimant is disabled requires a five-step process. See 20 C.F.R. § 404.1520. First, the agency must determine whether the claimant is currently working. 20 C.F.R. § 404.1510(b), 404.1572(b). If the claimant is currently employed, the claim is disallowed. 20 C.F.R. § 404.1520(b). If the claimant is not working, as a second step, the agency must make a finding as to the existence of a severe mental or physical impairment; if none exists, the claim is denied. 20 C.F.R. § 404.1520(c). Once the claimant is found to have a severe impairment, the third step is to compare the claimant's impairment with those in appendix 1 of the regulations ("Listings"). 20 C.F.R. § 404.1520(d). If the claimant's impairment meets or equals one of the impairments in the Listings, the claimant is automatically considered disabled. Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998). If the claimant's impairment does not meet or equal one of the listed impairments, as a fourth step, she will have to show that she cannot perform her former work. 20 C.F.R. § 404.1520(e). If the claimant cannot perform her former work, she must show as a fifth and final step that she is prevented from doing any other work. A claimant is entitled to receive disability benefits only if she cannot perform any gainful employment. 20 C.F.R. § 404.1520(f) and (g).

The initial burden of establishing disability is on the claimant. See 42 U.S.C. § 423(d)(5). Once the claimant demonstrates she is incapable of performing her past work, the burden shifts to the Commissioner to show that the claimant has the residual functional capacity to perform other substantial gainful activity in the national economy. See Balsamo v. Chater, 142 F.3d at 80. This may require the application of the Medical-Vocational Guidelines ("grid") which places claimants with severe exertional impairments who can no longer perform past work into grid categories according to their residual functional capacity, age, education, and work experience,

and dictates a conclusion of disabled or not disabled. See 20 C.F.R. § 404.1520(f). A proper application of the grid makes vocational testing unnecessary.

The grid covers only exertional impairments; nonexertional impairments, including psychiatric disorders, are not covered. See 20 C.F.R. § 200.00(e)(2). If the grid cannot be used because nonexertional impairments are present, or exertional impairments do not fit squarely within grid categories, the testimony of a vocational expert is generally required to support a finding of residual functional capacity for substantial gainful activity. Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986).

The ALJ determined that plaintiff retained the residual functional capacity to perform the "full range of sedentary exertion level work." The ALJ further found that plaintiff was unable to perform her past relevant work which had required a light level of exertion. After consulting the grid, the ALJ concluded there were jobs which plaintiff could perform which existed in significant numbers in the national economy. He also concluded plaintiff was "not disabled" and had not been disabled from August 5, 2003 until the date of his decision, June 30, 2006.

## DISCUSSION

A magistrate judge's ruling on a dispositive matter is reviewed by the district judge de novo. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The Court may adopt, reject or modify, in whole or in part, a magistrate judge's recommended ruling. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

The scope of review of a social security disability determination involves two levels of inquiry. The Court must first decide whether the Commissioner applied the correct legal principles in making the determination. Next, the Court must determine whether the determination is supported by substantial evidence. The Commissioner's decision may be set

aside only if it is "based upon legal error or not supported by substantial evidence." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996); see also Balsamo v. Chater, 142 F.3d at 79. Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. Rodriguez v. Califano, 431 F. Supp. 421, 423 (S.D.N.Y. 1977). The Court may not decide facts, reweigh evidence or substitute its judgment for that of the Commissioner. Dotson v. Shalala, 1 F.3d 571, 577 (7th Cir. 1993). The Court must review the entire record to determine the reasonableness of the ALJ's factual findings. Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

I.   **Frequency of Recurrences of Pain**

Plaintiff first objects to the Magistrate Judge's failure in the R&R to discuss the episodic nature of plaintiff's condition or the frequency of the "good days" and "bad days."

In her R&R, Magistrate Judge Smith noted the episodic nature of plaintiff's condition as it was detailed in the relevant medical professionals' reports. In addition, she addressed the ALJ's discussion of the episodic nature of the condition and its frequency. In his decision, the ALJ rejected much of plaintiff's testimony regarding this, finding it not to be credible in light of other evidence and testimony.

The Court cannot reject or overrule the ALJ's credibility determinations, as such

determinations are the province of the ALJ, not the Court.  <u>Carroll v. Secretary of Health & Human Services</u>, 705 F.2d 638, 642 (2d Cir. 1983) ("It is the function of the [Commissioner], not ourselves, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.").  If the ALJ found plaintiff's claims not to be credible in light of the other evidence, this Court cannot reject such finding.

Further, the ALJ properly considered plaintiff's complaint about her condition, even if he did not accept them as dispositive in light of the physicians' report and other medical evidence.  <u>See</u> <u>Rebull v. Massanari</u>, 240 F. Supp. 2d 265, 274 (S.D.N.Y. 2002) ("[T]he ALJ is obligated only to consider a complainant's subjective complaints, not to accept all of them as dispositive.") (citing 20 C.F.R. §§ 416.929(c)(3) and (c)(4)).  The Court sees no error by the ALJ in this consideration.  Accordingly, the Court agrees with Magistrate Judge Smith and finds the ALJ's determination regarding the credibility of plaintiff's complaints and the nature and frequency of her conditions to have been supported by substantial credible evidence.

## II.  ALJ's Duty to Develop the Record

Plaintiff argues that the ALJ failed to properly develop the record regarding the frequency of the exacerbations of her condition.  Plaintiff fails to identify how more facts as to the frequency of the exacerbations would aid the ALJ or the Court in evaluating this matter.

Upon review of the R&R, the ALJ's decision, and the parties' papers, the record appears complete, and there was substantial evidence supporting each of the ALJ's findings of law and legal conclusions.  <u>See</u> <u>Rosa v. Callahan</u>, 168 F.3d 72, 79 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.").  Based on this conclusion, the ALJ did not err in failing to seek

further facts regarding the frequency of the exacerbations of plaintiff's condition.

## CONCLUSION

For the foregoing reasons, plaintiff's objection to Magistrate Judge Smith's report and recommendation is OVERRULED (Doc. #21); Magistrate Judge Smith's report and recommendation is APPROVED and ADOPTED (Doc. #19); plaintiff's motion is DENIED (Doc. #13); and defendant's motion is GRANTED (Doc. #11). The decision of the Commissioner is hereby affirmed. The Clerk is instructed to terminate each of these motions and to close this case.

Dated: September 23, 2011
      White Plains, New York

SO ORDERED

Vincent L. Briccetti
United States District Judge